O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SA

| | |
|---|---|
| A.A. by and through her Guardian Ad Litem, JAY ANDREWS,<br>Plaintiff,<br>v.<br>ORANGE COUNTY HEALTH CARE AGENCY,<br>Defendant. | Case No. CV 09-00371 DDP<br>**Order Denying Plaintiff's Motion to Supplement the Administrative Record (Dkt. No. 36)**<br>[Motion filed on April 23, 2010] |

Plaintiff A.A., by and through her Guardian Ad Litem, Jay Andrews, seeks to supplement the administrative record in this case. For the reasons set forth below, the Court DENIES Plaintiff's motion.

**I. Background**

Plaintiff contends that the Orange County Health Care Agency ("HCA") violated the procedural requirements of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., by not providing A.A.'s father with specific details regarding residential placement options. (Pl. Opening Brief ("Pl. Br.") at

7:4-10.) More specifically, Plaintiff contends that the HCA's refusal to provide specific details about the mental health services associated with various residential placement options prevented A.A.'s father from meaningfully participating in the IEP process.

In seeking to supplement the administrative record, Plaintiff points to statements that HCA made in the underlying administrative proceeding indicating that it was not the agency's standard practice to provide specific information about services until after a student completed a 30-day residency at a given placement. (Id. 8:19-27, 18:25-28.) To rebut these statements, Plaintiff seeks to supplement the record with evidence of a recent HCA-generated IEP involving another, unrelated student who was offered specific services in his IEP prior to entering a residential placement.

**II. Discussion**

The IDEA provides that a court reviewing an administrative hearing officer's decision "(i)shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(C). The Ninth Circuit has clarified the standard for admitting supplementary (i.e., extrinsic to the administrative record) evidence in an IDEA action as follows:

> The determination of what is "additional" evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo . . . . a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one

> party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

Ojai Unified School District v. Jackson, 4 F.3d 1467, 1473 (9th Cir. 1993). The Ojai court also enumerated a non-exhaustive list of reasons for allowing a party to supplement the administrative record in an IDEA action:

> The reasons for supplementation . . . might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.

Id. Courts in this circuit have generally relied on the considerations laid out in Ojai in determining whether to allow admission of supplementary evidence. See, e.g., Ms. S. ex rel. G v. Vashon Island Sch. Dist., 337 F.3d 1115, 1129 n.17 (9th Cir. 2003).

According to Plaintiff's motion, counsel for Plaintiff inadvertently discovered the proffered supplementary evidence at a recent IEP meeting involving another of her clients. (Motion 3:13-14.) Plaintiff contends that the evidence is highly probative of HCA's general practice with respect to the specificity of IEP reports. (Id. 4:13-17.) The Court disagrees. The administrative record in this case already contains statements from HCA employees suggesting that the agency is obligated to specify specific mental health services in a student's IEP. (Pl. Br. 8:7-18.) Further, the administrative law judge concluded that HCA's failure to offer specific mental health services in A.A.'s IEP report was a procedural violation of the IDEA, albeit a harmless one. Father v.

Orange County Health Care Agency, No. 2008080612, at 27 (Cal. Office of Admin. Hearings Dec. 30, 2008). Accordingly, the evidence that Plaintiff seeks to admit is not necessary to ensure a complete record in this case.

Further, the evidence Plaintiff seeks to admit is at best marginally relevant. Plaintiff seeks to introduce evidence of HCA's conduct in another, unrelated case more than a year after the conclusion of the underlying administrative proceeding. Unlike cases involving testimony of witnesses with direct knowledge, Vashon, 337 F.3d at 1128-29, or affidavits of direct relevance to the case, Ojai, 4 F.3d at 1473, Plaintiff's evidence has no direct bearing on HCA's treatment of A.A. or her father.

**III. Conclusion**

For the reasons set forth above, the Court VACATES the hearing set for May 24, 2010 and DENIES A.A.'s motion to supplement the administrative record. Because Plaintiff's motion was not frivolous or filed for an improper purpose, the Court DENIES Defendant's request for costs and attorneys' fees.

IT IS SO ORDERED.

Dated: May 10, 2010

DEAN D. PREGERSON
United States District Judge