O

<mark>CLOSED</mark>

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| A.A. by and through her Guardian Ad Litem, Jay Andrews, | ) ) ) ) | Case No. SACV 09-00371 DDP (JWJx) |
| | ) | **ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT** |
| Plaintiff, | ) ) | |
| v. | ) ) | [Motion filed on 9/7/10] |
| ORANGE COUNTY HEALTH CARE AGENCY, a local County Mental Health Agency, | ) ) ) ) | |
| Defendants. | ) ) | |

**I.   Background**

Jay Andrews placed his daughter, A.A. at Provo Canyon ("Provo"), a residential treatment center in Utah, because she suffered from recurrent major depression and oppositional defiant disorder. (ALJ Op. at 5-6.) Defendant Orange County Health Care Agency ("HCA") determined that Provo was not an appropriate treatment center for A.A. (ALJ Op. at 9-10.) An assessment team presented A.A.'s father with four alternative proposed treatment centers and described the treatments available at those centers. (ALJ Op. at 10.)

1    A.A.'s father did not want A.A. transferred to a new treatment
2  center, and refused to consent to HCA releasing A.A.'s information
3  to any of the four proposed treatment centers or to allow any of
4  the treatment centers to interview A.A. (ALJ Op. at 11-12.)  Three
5  of the treatment centers indicated that they would have room for
6  A.A., pending more information regarding her specific needs. (ALJ
7  Op. at 12.)  HCA determined that Cathedral Home("Cathedral") was
8  best equipped to meet A.A.'s needs. (ALJ Op. at 12.)

9    HCA wrote a letter to A.A's father explaining that Cathedral
10 would meet A.A.'s needs and educational goals. (ALJ Op. at 12-13.)
11 The letter explained that Cathedral provided 24-hour supervision
12 and services to its students, that it provided individual, group,
13 family and milieu therapy, and that it provided psychiatric
14 treatment. (ALJ Op. at 12-13.) The letter also stated that
15 Cathedral had access to the Laramie Youth Crisis Center, a
16 year-round educational program that consisted of academic and
17 vocational training combined with community service projects, as
18 well as wilderness, recreation and horse programs. (ALJ Op. at
19 12-13.) The letter did not, however, indicate the specific types of
20 mental health therapy HCA believed A.A. required to meet her unique
21 needs, how much of each type of therapy or related services she
22 required on a daily, weekly, or monthly basis, how long it believed
23 each therapy or other related services session should last, or when
24 such services would start. (ALJ Op. at 13.)

25    On August 19, 2008, A.A., by and through her father, requested
26 a due process hearing regarding whether A.A. was receiving a FAPE
27 in accordance with 20 U.S.C. § 1415(f). (ALJ Op. at 2.)  On
28 December 30, 2008, the ALJ issued a thirty page decision,

1  ruling in favor of HCA on all issues. (See ALJ Op.)  On March 27,

2  2009, A.A., by and through her father, filed a complaint in this

3  court seeking review of the ALJ's decision.  On August 10, 2010,

4  this court affirmed the ALJ's decision and denied the petition for

5  review.  (Dkt. No. 44.)  A.A. now moves to alter the judgment.

6  **II.  Legal Standard**

7      Federal Rule of Civil Procedure 59(e) allows for "motion[s] to

8  alter or amend a judgment" if "filed no later than 28 days after

9  entry of the judgment."  The Rule, however, "offers an

10  extraordinary remedy, to be used sparingly in the interests of

11  finality and conservation of judicial resources."  <u>Carroll v.</u>

12  <u>Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation

13  marks omitted).  "[A] motion for reconsideration should not be

14  granted, absent highly unusual circumstances, unless the district

15  court is presented with newly discovered evidence, committed clear

16  error, or if there is an intervening change in the controlling

17  law."  <u>Id.</u> (internal quotation marks omitted).

18      Local Rule 7-18 provides that:

19  A motion for reconsideration of the decision on any motion
   may be made only on the grounds of (a) a material difference

20  in fact or law from that presented to the Court before such
   decision that in the exercise of reasonable diligence could

21  not have been known to the party moving for reconsideration
   at the time of such decision, or (b) the emergence of new

22  material facts or a change of law occurring after the time of
   such decision, or (c) a manifest showing of a failure to

23  consider material facts presented to the Court before such
   decision. No motion for reconsideration shall in any manner

24  repeat any oral or written argument made in support of or in
   opposition to the original motion.

25  **III. Discussion**

26

27      A.A.'s motion does nothing more than reiterate arguments made

28  in support of her original motion.  Specifically, A.A. argues that

3

1  the court did not address the specific services, or lack thereof,

2  offered to A.A. in the letter describing her potential placement at

3  cathedral.  (Reply at 2.)  Contrary to A.A.'s assertion, the court

4  addressed the specificity issue at length, and held that any

5  procedural errors regarding the specificity of services described

6  in the letter were harmless.  See Order Affirming Decision of

7  Administrative Law Judge Pursuant to Individuals with Disabilities

8  Education Act, 20 U.S.C. §1415(I), Sec. III(B) (Dkt. No. 44.)  A.A.

9  has not identified any new law or facts warranting reconsideration

10  of the court's earlier order.

11  **IV.  Conclusion**

12       For the reasons set forth above, Plaintiff's Motion to Alter

13  Judgment is DENIED.

14

15  IT IS SO ORDERED.

16

17

18  Dated: January 3, 2011

19                                    DEAN D. PREGERSON
                                      United States District Judge

20

21

22

23

24

25

26

27

28

4